<table>
<tr><td colspan="3">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr>
<td>TIDAL BASIN CARIBE, LLC<br><br>Peticionaria<br><br>v.<br><br>OFICINA DE INFRAESTRUCTURA Y RECUPERACIÓN DEL DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO<br><br>Recurrido</td>
<td>TA2026RA00066</td>
<td>REVISIÓN ADMINISTRATIVA procedente de la Oficina de Infraestructura y Recuperación del Departamento de Educación de Puerto Rico<br><br>Caso núm.:<br>RFP INFRA-2025-8-NA-000001<br><br>Sobre: Impugnación de Adjudicación de Subasta sobre Requerimiento de Propuestas</td>
</tr>
</table>

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de febrero de 2026.

Comparece ante este tribunal apelativo, Tidal Basini Caribe, LLC (Tidal o parte recurrente) mediante el recurso de revisión de epígrafe solicitándonos que revoquemos el *Aviso de Adjudicación* emitido por el Departamento de Educación de Puerto Rico (Departamento o parte recurrida), el 8 de enero de 2026, notificado el mismo día, sobre el Requerimiento de Propuestas INFRA-2025-8-NA-000001 (*RFP o Request for Proposal*) para la administración, gerencia y manejo de programas de trabajos de recuperación de desastres bajo las declaraciones de FEMA número 4339 y 4473. Mediante dicha determinación, el Departamento adjudicó la buena pro en favor de Horne LLP, ahora BDO Government Services, LLC (BDO).

La parte recurrente acompañó su recurso con una *Moción Urgente de Paralización en Auxilio de Jurisdicción,* la cual declaramos *No Ha Lugar.*

Por los fundamentos que expondremos a continuación, declaramos *Ha Lugar* a la *Moción de Desestimación de BDO Government Services, LLC por Falta de Jurisdicción* y; en consecuencia, desestimamos el recurso de epígrafe ante su presentación prematura.

## I.

El 4 de agosto de 2025, el Departamento de Educación de Puerto Rico publicó el RFP INFRA2025-8-NA-000001 para la administración, gerencia y manejo de programas de trabajos de recuperación de desastres bajo las declaraciones de FEMA número 4339 y 4473 y cualquier otro programa para el que la agencia reciba asistencia pública o subvenciones de mitigación de peligro por declaración federal de desastre. En respuesta a la invitación, presentaron ofertas los siguientes licitadores:

Horne LLP (ahora BDO)
Tidal Basini Caribe, LLC
Witt O'Brian's PR, LLC
RSM US LLP
IEM International, Inc.

En lo aquí pertinente, el 8 de enero de 2026, el Departamento emitió un *Aviso de Adjudicación* del referido RFP a favor de Horne LLP, ahora BDO. Mediante la referida adjudicación, el Departamento incluyó, sobre el derecho de las partes perdidosas a recurrir de la determinación, lo siguiente:

A party adversely affected by this award may request a review of such award before the DEPR within a period of **twenty (20) days** from the date on which the notice of award is sent via email.

The DEPR shall consider the request within thirty (30) days of its filing. If a determination is made upon consideration and the party does not agree with it, **the party shall have a period of twenty (20) days to file a petition for judicial review before the Court of Appeals**, which period shall begin to run from the date

on which the DEPR determination resolving the request for review is sent via email.

If the DEPR fails to take any action with respect to the request **for reconsideration within the thirty (30)-day period, it shall be deemed denied outright**. As of that date, a party adversely affected by this award may file a petition for **judicial review before the Court of Appeals within a period of twenty (20) days.**

The mere filing of a request for reconsideration or a review shall not, by itself, stay or suspend the proceedings subsequent to the award of the RFP. [Énfasis nuestro]

Inconforme con esta determinación, el 20 de enero de 2026, Tidal presentó un escrito intitulado *Moción de Reconsideración de Adjudicación de Requerimiento de Propuestas*. Mediante esta, la parte recurrente levantó, como cuestión de umbral, varios defectos en la notificación del *Aviso de Adjudicación* emitido por la agencia.

Transcurrido el término de la agencia para considerar el petitorio reconsideratorio y, aún desacuerdo con la adjudicación, la parte recurrente presentó el recurso de revisión judicial que nos ocupa señalando que la agencia incurrió en los siguientes errores:

EL DEPARTAMENTO VIOLÓ EL DEBIDO PROCESO DE LEY DE TIDAL BASIN, Y DE LAS DEMÁS COMPAÑÍAS LICITADORAS NO AGRACIADAS, AL INCLUIR ADVERTENCIAS INCORRECTAS EN EL AVISO DE ADJUDICACIÓN RESPECTO AL TÉRMINO DISPONIBLE PARA SOLICITAR EL REMEDIO DE RECONSIDERACIÓN ANTE EL  DEPARTAMENTO.

ERRÓ EL  DEPARTAMENTO AL EMITIR UN AVISO DE ADJUDICACIÓN DEFECTUOSO QUE VIOLENTA EL DEBIDO PROCESO DE LEY DE LOS LICITADORES.

ERRÓ EL DEPARTAMENTO AL EMITIR UN RFP AMBIGUO Y GENÉRICO QUE NO ESPECIFICA NI ENUMERA DETALLADAMENTE LOS REQUISITOS Y FACTORES QUE SE UTILIZARON PARA LA ADJUDICACIÓN DE ESTE.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL DEPARTAMENTO EN LA ADJUDICACIÓN DEL RFP; DEL DEPARTAMENTO HABER APLICADO UN MECANISMO DE EVALUACIÓN CLARO Y PRECISO TIDAL BASIN HABRÍA SIDO EL PROPONENTE AGRACIADO.

El 17 de febrero de 2026, BDO Government Services, LLC., presentó un escrito intitulado *Moción de Desestimación de BDO Government Services, LLC por Falta de Jurisdicción*. Ese mismo día,

emitimos una *Resolución* concediéndole al Departamento, y a cualquier otro licitador no agraciado, hasta el 23 de febrero de 2026 para expresarse, en particular a lo mencionado en el primer y en el segundo señalamiento de error sobre la notificación defectuosa y la jurisdicción.

El 23 de febrero de 2026, el Departamento compareció mediante un *Escrito en Cumplimiento de Resolución.* En este, arguyó que tanto la *Guía para la Adjudicación y la Contratación de Servicios Profesionales …* como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.*, establecen términos para reconsiderar, y recurrir en alzada ante el Tribunal de Apelaciones, distintos a los esbozados en el *Aviso de Adjudicación.* Así, el Departamento se allanó a lo fundamentado en el primer y segundo señalamiento de error presentado por Tidal. Por lo que solicitó que se devuelva el caso a la agencia para emitir un aviso de adjudicación conforme a derecho.

A su vez, el mismo día, 23 de febrero, Tidal compareció mediante un escrito intitulado *Oposición a Moción de Desestimación.*

Ante la presentación de los referidos documentos, nos damos por cumplidos, y procedemos a resolver.

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque, de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser

corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos,* supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 116-117, 215 DPR ___, (2025), lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;

(...)

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

Advertimos que el Tribunal Supremo de Puerto Rico en *R & B Power v. ELA,* 170 DPR 606, (2007), declaró que el requerimiento de propuestas se distingue por su mayor informalidad y flexibilidad; así como por el grado de discreción que se le confiere a la entidad pública en la consideración de la propuesta recibida, en comparación con la subasta tradicional. No obstante las diferencias, ambos procedimientos están revestidos de un gran interés público. Además, en ambos hay que cumplir con los requisitos de notificación, reconsideración y revisión judicial establecidos en ley y; asimismo, en ambos hay que fundamentar los requisitos y criterios que se utilizarán en la adjudicación.

Por tanto, **en la subasta formal como en el *RFP* la agencia tiene que notificar a las partes su determinación por escrito, fundamentada y advirtiéndoles del recurso de revisión disponible.**[1] Cabe destacar que, aun cuando el *RFP* se configura como un procedimiento más informal que el de una subasta, no se le puede negar a quienes participan en la licitación y cuyas propuestas fueron rechazadas, el derecho a cuestionar la decisión de la agencia mediante revisión judicial. *R & B Power v. ELA,* supra, pág. 624. Por lo tanto, las partes que no prevalecieron en el proceso de selección de licitadores podrán revisar judicialmente la decisión final de la Junta. *Íd.*

Este principio fue reiterado en *Maranello et al. v. OAT*, 186 DPR 780, 790-791 (2012), citando a *Caribbean Communications v. Pol. de P.R.,* 176 DPR 978, 998 (2009), donde se reiteró que:

Aunque el procedimiento de subasta formal y el requerimiento de propuestas son distintos, no son

---

[1] Véase, *R & B Power v. E.L.A.,* supra, pág. 624.

totalmente incompatibles. El RFP, por ser un mecanismo alterno al procedimiento tradicional, necesariamente participa de alguna de las características de la subasta formal. **Específicamente, al igual que la subasta formal el requerimiento de propuestas está sujeto a los requerimientos de notificación, así como los procedimientos de reconsideración y revisión judicial contenidos en la Ley de Procedimiento Administrativo Uniforme (LPAU).**
[…](Énfasis nuestro)

Así pues, la falta de una notificación adecuada afecta el derecho de la parte que no está conforme y desea cuestionar el dictamen y; por ende, debilita el debido proceso de ley. *Río Const. Corp. v. Mun. de Caguas*, 155 DPR 394, 405-406 (2001). Al respecto, la más alta *Curia* en *Torres Alvarado v. Madera Atiles*, supra, dictaminó que:

> [U]na notificación defectuosa puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, así como crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido. *Íd.*, pág. 502.

Entiéndase que la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* del debido proceso de ley. De lo contrario, se crea incertidumbre sobre cuándo comienzan los términos para incoar los remedios post dictamen, entre otras graves consecuencias y demoras. *Dávila Pollock et al v. R. F. Mortgage*, 182 DPR 86, 94 (2011). Hasta que no se notifique adecuadamente la orden o resolución final, la misma no surtirá efecto y los distintos términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen que de ella nacen no comienzan a transcurrir. *Maldonado v. Junta de Planificación*, 171 DPR 46, 58 (2007).

### III.

En esencia, la parte recurrente solicitó que revisemos la determinación de adjudicación del RFP INFRA-2025-8-NA-000001 que fuera adjudicada a Horne LLP, ahora BDO. Incluso, en su primer y segundo señalamiento de error Tidal arguyó, como cuestión

de umbral, que la notificación de la adjudicación era defectuosa. Específicamente, adujo que los términos para recurrir la adjudicación eran incorrectos en derecho y afectaban el debido proceso de ley en su vertiente procesal para los licitadores no agraciados.

Por ello, previo a entrar a considerar los méritos del recurso, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión.

Corolario de lo anterior, BDO presentó una *Moción de Desestimación de BDO Government Services, LLC por Falta de Jurisdicción.* Mediante esta, sostuvo que la referida adjudicación contenía defectos en las advertencias relativas a los términos para recurrir la determinación en alzada. Solicitó, así, la desestimación del recurso argumentando la falta de jurisdicción de esta *Curia* para atender un recurso ante su presentación prematura.

Por su parte, el Departamento se allanó a que el primer y segundo error señalado por Tidal, sobre la notificación defectuosa, fueron cometidos. Así pues, solicitó la devolución del caso para poder emitir la correspondiente notificación de adjudicación conforme a derecho.

De una simple lectura del *Aviso de Adjudicación* del RFP, y cónsono con lo señalado por la parte recurrente y reconocido por BDO y el Departamento, el mismo es defectuoso. Ello, ante la notificación incorrecta de los términos para reconsiderar ante la agencia y para presentar recurso de revisión ante el Tribunal de Apelaciones. Al respecto, en el *Aviso de Adjudicación* el Departamento esbozó que las partes adversamente afectadas contaban con un término de veinte (20) días para solicitar reconsideración y; luego, un término de treinta (30) días para presentar un Recurso de Revisión ante el foro apelativo. Estos

términos son contrarios a los establecidos en la LPAUG,[2] y en el Artículo 22 de la *Guía para la Adjudicación y la Contratación de los Servicios Profesionales Sufragados con Fondos Federales Considerados en la Condiciones Específicas,* promulgada por el Departamento, el 5 de diciembre de 2025.

En ese sentido, el *Aviso de Adjudicación* recurrido falló en advertir correcta y adecuadamente de los términos jurisdiccionales para solicitar reconsideración ante la agencia y revisión ante este foro intermedio. Afectando, de esta manera, el derecho de la parte recurrente y otros licitadores no agraciados de apelar la decisión ante nuestra consideración, en detrimento del debido proceso de ley en su vertiente procesal.

Recordemos que en nuestro ordenamiento jurídico es **norma reiterada que notificación de una determinación por una agencia deberá advertir el derecho a todas las partes** a solicitar reconsideración ante la agencia, o a instar un recurso de revisión judicial ante el Tribunal de Apelaciones, con expresión de los términos jurisdiccionales que tienen las partes para ejercer dicho derecho. *Comisión Ciudadanos v. GP Real Property,* 173 DPR 998, 1014 (2008). En este aspecto reiteramos que la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* del debido proceso de ley. Este requisito de notificación, como parte del debido proceso de ley, es indispensable para que nuestros tribunales puedan comenzar a contar el término para recurrir la determinación y adquirir jurisdicción. De manera que, se requiere que la notificación de las órdenes, resoluciones y sentencias **sea de forma adecuada y conforme a derecho.** *Berríos Fernández v. Vázquez Botet,* 196 DPR 245, 250 (2016). Ello es así, ya que la falta de una notificación

---

[2] Véanse, las Secciones 3.19 y 4.2, 3 LPRA secs. 9659 y 9672, según planteado por el Departamento.

adecuada de cualquier determinación afecta el derecho de una parte a recurrir la misma, **enervando así las garantías del debido proceso de ley**. *Caro v. Cardona,* 158 DPR 592, 599 (2003); *Falcón Padilla v Maldonado Quirós*, 138 DPR 983, 990 (1995).

Por consiguiente, las omisiones sustantivas previamente señaladas convierten el *Aviso de Adjudicación* en uno contrario a derecho, lo cual incide, a su vez, en el término que tienen los recurrentes para solicitar reconsideración y para acudir ante este foro apelativo en revisión judicial. En consecuencia, declaramos ***Ha Lugar*** a las solicitudes de desestimación presentadas por BDO y el Departamento. Además, concluimos que el presente recurso es uno prematuro, al haberse presentado sin que se activaran los términos para recurrir ante este foro intermedio mediante un recurso de revisión judicial.

Consecuentemente, estamos obligados a desestimarlo por falta de jurisdicción para atenderlo. Por tanto, a partir del momento en que el Departamento enmiende el *Aviso de Adjudicación* del RFP para atemperarlo a los requisitos establecidos por nuestro ordenamiento, según explicado y lo notifique a todas las partes, es que se activará el término para recurrir en su revisión ante este foro intermedio.

Por último, a pesar de señalar que la notificación es defectuosa, Tidal, en la *Oposición a Moción de Desestimación,* nos solicita que retengamos jurisdicción, declaremos *No Ha Lugar* a la moción de desestimación de BDO, concedamos el *Auxilio de Jurisdicción* y revoquemos la adjudicación recurrida. Sobre esto, apuntalamos que es norma reiterada que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, supra, 192; *Rodríguez v. Zegarra*, supra, a la pág. 654. Una vez un tribunal entiende que no tiene jurisdicción solo tiene

autoridad para así declararlo y; por consiguiente, desestimar el recurso. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* supra, 366 (2001). Este tribunal no puede conservar o retener un recurso que es prematuro, con el propósito de luego activarlo cuando esté maduro. *Rodríguez v. Zegarra,* supra, a la pág. 654.

**IV.**

Por los fundamentos expuestos, se declara *Ha Lugar* a la solicitud de desestimación presentada por BDO Government Services, LLC. y a la *Moción en Cumplimiento de Orden del Departamento* y; en consecuencia, se desestima el presente recurso por falta de jurisdicción ante su presentación prematura. A su vez, declaramos *No Ha Lugar* tanto a la moción en auxilio de jurisdicción como a la *Moción en Oposición a Desestimación* instada por Tidal.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones